UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Bernard Jones, *a.k.a. Ronald B. Jones*, | ) C/A No. 6:10-158-DCN-WMC |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| K. Shuler, Mail Person, | ) |
| Defendant. | ) |

The Plaintiff, Ronald Bernard Jones (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Hill-Finklea Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a Detention Center employee as the sole Defendant. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and *In Forma Pauperis* Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989);

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

2

**Background**

Plaintiff, who has been detained at the Hill-Finklea Detention Center since June 27, 2008, identifies Defendant K. Shuler as a "mail person" at the facility. Plaintiff states that, in November of 2008, he received "Rule 5" materials, which included two witness statements. Plaintiff mailed the statements "home to Ms. Robinson" so that copies could be made and returned to the Plaintiff. However, when Ms. Robinson attempted to return the statements, and copies thereof, Defendant Shuler allegedly confiscated Plaintiff's paperwork. Plaintiff states that, for a two week period, Defendant Shuler also withheld a money order sent by Ms. Robinson in the same envelope as the statements/copies. (Complaint, page 3).

Plaintiff alleges that Defendant Shuler is the wife of a Detective who is "over" Plaintiff's pending criminal case. (Complaint page 4). Plaintiff claims that Defendant Shuler is withholding the mail in an attempt to "cover up evidence" and "to try and get a convic[tion] on circumstantial allegations." (Complaint, Page 5). Plaintiff seeks monetary damages for the Defendant's actions. (Complaint, page 6).

**Discussion**

The complaint alleges that Defendant Shuler has violated Plaintiff's constitutional rights by withholding mail, and a money order, sent to Plaintiff at the Detention Center. Liberally construed, Plaintiff may be stating a deprivation of property claim. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV,

§ 1. However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995). Thus, to the extent Plaintiff's claim sounds in negligence, he cannot bring this action under § 1983. *See DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 200-203 (1989) (section 1983 does not impose liability for violations of duties of care arising under state law).

Moreover, an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C. Code Ann. § 15-69-10 *et seq.*). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *Id.* (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). In the instant action, Plaintiff claims that Defendant Shuler intentionally withheld a money order from the Plaintiff for a two week period, and continues to withhold documents that were sent to Plaintiff in the same envelope. While Plaintiff indicates that he talked to an officer, Cpl. Floyd, about the missing witness statements, Plaintiff provides no factual allegations to indicate that Defendant Shuler's actions were authorized or approved by prison policy or supervisory officials. As Plaintiff complains of an apparently unauthorized withholding of property, for

4

which he has a meaningful post-deprivation remedy, Plaintiff's deprivation of property claim must fail.

Additionally, as the property being withheld from Plaintiff consists of witness statements, it is possible that Plaintiff may be alleging that the confiscation of his legal mail constitutes an infringement on his right to court access.[2] However, case law mandates that "a prisoner must provide some basis for his allegation that the delay or failure in delivering his legal mail deprived him of meaningful access to the courts." *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989). *See also Bryant v. Lee*, No. 92-6571, 1993 WL 188302 (4th Cir. June 2, 1993)("To state a claim that a delay in receiving legal mail violated an inmate's constitutional rights, the prisoner must allege facts showing that the delay interfered with his right of access to the courts").

It is also well established that, in order to state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). *See also Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (plaintiff failed to identify any actual

---

[2] It is noted that, Plaintiff originally received the "Rule 5" legal material in question. The mail allegedly being withheld consists of witness statements, and copies thereof, being returned to Plaintiff by a friend.

injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir.1993) (prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

The instant complaint contains no facts regarding any adverse consequences or detriment suffered by the Plaintiff as a result of Defendant Shuler's alleged withholding of Plaintiff's witness statements in November of 2008. Therefore, Plaintiff's allegations fail to state a cognizable access to court claim, and the complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### **Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

February 10, 2010  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).